IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Angela DeSantiago,

       Plaintiff

vs.                        Case No.

Loan Today 2 Inc.,

       Defendant

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and its implementing Regulation Z ("Reg. Z."), 12 C.F.R. Part 1026 (collectively, "TILA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.     Plaintiff Angela DeSantiago ("Plaintiff") is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

5.      Defendant Loan Today 2 Inc. ("Defendant") is an Illinois corporation engaged in the business of making payday loans to consumers in New Mexico.

6.      At all relevant times, Defendant, in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making it a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. § 1026.2(17).

## FACTUAL ALLEGATIONS

7.      On March 26, 2012, Plaintiff sought a payday loan from Defendant, primarily for personal, family, or household purposes.

8.      On March 26, 2012, Plaintiff executed a loan agreement in favor of Defendant.  (See Loan Agreement, attached as Exhibit A).

9.      Pursuant to the loan agreement, Defendant provided Plaintiff a loan in the amount of $250.00, to be repaid to Defendant in 25 bi-weekly payments in the amount of $37.82 each beginning April 5, 2012, and one payment of 38.70 due March 21, 2013.

10.      The Truth in Lending disclosures provided to Plaintiff in connection with the loan disclosed an Annual Percentage Rate of 400.00%, a finance charge

of $734.20, an amount financed of $250.00, and further disclosed that the loan was secured by an assignment of Plaintiff's wages.

11.     The actual Annual Percentage Rate for the loan when calculated according to Regulation Z, 12 CFR § 1026, Appendix J, is 398.91%.

12.     15 U.S.C. § 1606(c) provides: "The disclosure of an annual percentage rate is accurate for the purpose of this subchapter if the rate disclosed is within a tolerance not greater than [.125%] more or less than the actual rate."

13.     The difference between the disclosed Annual Percentage Rate, and the actual Annual Percentage Rate when calculated according to Regulation Z, 12 CFR § 1026, Appendix J, is 1.09%.

14.     Defendant disclosed an inaccurate Annual Percentage Rate in the Truth in Lending disclosures provided to Plaintiff by overstating the Annual Percentage Rate by 1.09%.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1638(a)(4)

15.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

16.     Defendant violated the Truth in Lending Act and Regulation Z, 15 U.S.C. § 1638(a)(4) and 12 C.F.R. § 1026.18(e) by disclosing an inaccurate Annual Percentage Rate in the Truth in Lending disclosures provided to Plaintiff in connection with the execution of the loan.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. § 1026.18(e);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge, not to exceed $2,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

17.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted, this 18th day of December, 2012.


s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
P.O. Box 37487
Albuquerque, NM  87176
(505) 750-0265

*Co-counsel with* WEISBERG & MEYERS, LLC

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com